IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                                Case No. 4:98CR00091 (14) JMM

RODNEY DEWAYNE FLOYD

**ORDER**

Before the Court is Defendant's *pro se* Motion which the Court has interpreted as a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense made pursuant to the 2007 "Crack Cocaine Guideline Amendment." Defendant contends that he is entitled to a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1] The Court also interprets his motion to request appointed counsel to assist him in seeking a sentencing reduction. The Court has reviewed Defendant's case to determine whether he is eligible for a sentence reduction. Based upon such review, the Court concludes that Defendant is not eligible for a sentence reduction. Accordingly, the motion will be denied (#1782).

Not every person sentenced for a crack cocaine offense is eligible for consideration for a sentence reduction.[2] Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.C. § 2D1.1, are potentially

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

[2] *See, generally*, U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)(March 3, 2008).

eligible. Even then, there are some defendants for whom the recalculated guideline range, using amended § 2D1.1, will be equal to the original guideline range. In such cases, the defendant's guideline range is not lowered as a result of the retroactive amendment, and there is no basis for the Court to consider whether to exercise its discretion to grant a sentence reduction. U.S.S.G. § 1B1.10 (a)(1).

Defendant is not eligible for a sentence reduction because he was sentenced to 360 months based upon his designation as a career offender. Consequently his guideline range was determined by U.S.S.G. § 4B1.1 and the amendment to U.S.S.G. § 2D1.1 has no effect on defendant's guideline range. *See United States v. Thomas*, 524 F.3d 889 (8th Cir. 2008) (per curiam) ("Sentencing Commission lowered offense levels in USSG § 2D1.1(c) related to crack cocaine drug quantities, it did not lower sentencing range for career offenders under USSG § 4B1.1.").

## CONCLUSION

Because the Defendant was sentenced as a career offender he is not eligible for a reduction of his term of imprisonment under Amendment 706, thus, there is no basis to appoint counsel.

IT IS SO ORDERED THIS   19   day of June, 2008.

                                                                 UNITED STATES DISTRICT JUDGE